IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIO CESAR PORTELA-GOMEZ,

Petitioner, OPINION AND ORDER

v. 26-cv-739-wmc

WARDEN E. EMMERICH, FCI-OXFORD,

Respondent.

---

Petitioner Julio Cesar Portela-Gomez, who is representing himself while incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Complaints and petitions filed by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even under this lenient standard, relief must be denied because it plainly appears from the petition that the petitioner is not entitled to relief.[1]

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. Rule 1(b) of the Rules Governing Section 2254 Cases authorizes application of the rules to other habeas corpus cases as well.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution or administration of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain relief, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Petitioner is not entitled to relief because he does not demonstrate that his sentence has been calculated incorrectly.

Petitioner argues that he would be entitled to speedier release from prison if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them to shorten his prison sentence if the inmate is ineligible to receive them. *See* 18 U.S.C. § 3632(d)(4)(D) (listing offenses that exclude a prisoner from eligibility for FTCs).

Here, petitioner claims that the BOP has determined that he is ineligible to receive FTCs because immigration officials have issued a detainer for his removal. Prisoners who are subject to a final order of removal under any provision of the immigration laws are ineligible for FTCs. *See* 18 U.S.C. § 3632(d)(4)(E)(i). Petitioner appears to argue that the BOP's determination that § 3632(d)(4)(E)(i) applies to him is incorrect because there is currently no

final order of removal against him. Even if true, petitioner still cannot show that his sentence has been calculated incorrectly.

Court records reflect that petitioner is currently imprisoned as the result of a federal conviction for illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1). *See United States v. Portela-Gomez*, Case No. 5:25-cr-563-01 (W.D. Tex. - San Antonio) (dkt. #28). In that case, petitioner received a 28-month prison sentence on March 10, 2026. (*Id*.) Prisoners who are serving a sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(b) are explicitly ineligible to receive FTCs. *See* 18 U.S.C. § 3632(d)(4)(D)(lix). Because petitioner is serving a sentence for an offense that is explicitly excluded from receiving FTCs, he fails to show that his sentence has been calculated incorrectly. As such, the petition will be denied, and this action will be dismissed with prejudice.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241, by petitioner Julio Cesar Portela-Gomez (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 1st day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge